UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN GALE, | ) |
|       Plaintiff, | ) ) ) |
|     v. | )    No. 2:22-cv-00576-JPH-MJD |
| COCHRAN, *et al.*, | ) ) ) |
|       Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Brian Gale, a federal prisoner, filed this action while incarcerated in the U.S. Penitentiary at Terre Haute. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

1

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Gale asserts claims for damages against five U.S. Bureau of Prisons (BOP) officials. He bases his claims on the following allegations.

Mr. Gale expected to receive a $1,400.00 economic stimulus payment from the Internal Revenue Service in the spring of 2021. He requested to receive a paper check through the prison mail. When he did not, he inquired with the IRS, which reported that a check was issued to Mr. Gale and deposited in May 2021.

Mr. Gale has filed at least three different documents showing a $1,400.00 deposit into his inmate trust account on May 12, 2021. *See* dkt. 1-1 at 5, 8, 10. He also has filed a letter from the IRS stating that a check with serial number 04515158 was issued to him on March 26, 2021, and deposited. *Id.* at 6. The IRS attached a cleared check bearing the same serial number to its letter. *Id.* at 7. The endorsement portion of the check states that it was endorsed by the BOP through a power of attorney for deposit into an account using Mr. Gale's inmate register number, 910-98083. *Id.* The center of the check states that the check was deposited on May 11, 2021, to an account at "FRB Cleveland" with routing number 041036062. *Id.* At the bottom of the page, notations show that the check was electronically endorsed twice—once on May 11, 2021, to the FRB Cleveland account, and then again on May 12, 2021. *Id.*

## III. Dismissal of Complaint

Mr. Gale asserts claims for damages against five individual defendants. He asserts that the "FRB Cleveland" notation on the back of the cleared check refers to "a personal account" and not his inmate trust account. Dkt. 1 at ¶ 14. He believes that the trust account statements showing the

2

$1,400.00 deposit into his own account are "fraudulent," *id.*, and that he is the victim of a conspiracy by BOP officials to embezzle inmates' stimulus checks, *id.* at ¶¶ 15–17.

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Gale specifically contends that the defendants violated his Eighth and Fourteenth Amendment rights by misappropriating his stimulus payment. Because Mr. Gale pursues claims for damages against five individual federal officers, his claims would proceed under the theory recognized in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Where a *pro se* litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Accordingly, the Court addresses the plausibility of these claims and no others.

The Supreme Court has explicitly recognized the availability of only three types of *Bivens* claims for damages against individual federal officers: for the use of force during arrest in the Fourth Amendment context, for sex discrimination in the Fifth Amendment context, and for inadequate medical care in the Eighth Amendment context. *See Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022). In recent years, the Supreme Court has left no doubt that extending *Bivens* to new contexts "is a disfavored judicial activity." *Id.* at 1803 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). If a claim would create a *Bivens*-style remedy outside the three explicitly recognized contexts, it may not proceed if "special factors" indicate that the courts are less equipped than Congress to weigh the costs and benefits of recognizing the claim or if an alternative remedial structure already exists. *Id.* at 1803–04.

This Court has held that non-medical Eighth Amendment claims present a new *Bivens* context and that the Bureau of Prisons' administrative remedy process and claims for injunctive relief preclude recognition of a *Bivens*-style claim for damages. *Pressley v. United States*, No. 2:21-cv-00202-JMS-MG, 2023 WL 22192, at *3 (S.D. Ind. Jan. 3, 2023) ("The Court therefore declines to extend a damages remedy for the plaintiffs' Eighth Amendment claims."). And the Seventh Circuit has held that prisoners' *Bivens*-style due-process claims fail for the same reason. *Grady v. Kinder*, 799 F. App'x 925, 927 (7th Cir. 2020) ("The Supreme Court has not recognized a due-process violation of this sort as cognizable under *Bivens* . . . . Further, it would be inappropriate for us to do so where Grady had access to the prison's administrative remedies to challenge the handling of his payment plan and his resulting loss of privileges."); *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) ("Goree's *Bivens* claims are premised on due-process violations that the Supreme Court does not recognize as cognizable under *Bivens*, and it would be improper to recognize a new theory of relief in this case.").

For these reasons, the Court must dismiss Mr. Gale's complaint. The Court will afford him an opportunity to file an amended complaint. Before he does so, however, Mr. Gale should consider the possibility that the claims he asserts here may be based on a simple misunderstanding.

The pleadings show that the IRS issued a $1,400.00 check to Mr. Gale on March 26, 2021. Dkt. 1-1 at 7. The BOP endorsed the check on Mr. Gale's behalf on May 11 and deposited it into an account with routing number 041036062. *Id.* According to the American Bankers Association, this routing number is associated with the Federal Reserve Bank of Cleveland. *See* American Bankers Association, *ABA Routing Number Lookup*, https://routingnumber.aba.com/Search1.aspx (search performed March 6, 2023). The following day, the funds were transferred to a second account with routing number 061000146, which is associated with the Federal Reserve Bank of

4

Atlanta. *Id.*; dkt. 1-1 at 7. Each of Mr. Gale's trust account statements show that he received a $1,400.00 deposit on the same date. *See* dkt. 1-1 at 5, 8, 10.

Mr. Gale's complaint is based on the premise that the "FRB Cleveland" and associated account number on the back of the cleared check refer to "a personal account." Dkt. 1 at ¶ 14. In fact, it refers to a federal government account. Although Mr. Gale asserts that the inmate trust account documents reflecting a $1,400.00 deposit into his own account are false, he has not articulated any basis for that allegation other than its incompatibility with his mistaken belief that the FRB Cleveland account is a personal account. The records Mr. Gale has presented suggest that the money he seeks has been in his own account all along.

### IV. Opportunity to Show Cause

The complaint is **dismissed** pursuant to 28 U.S.C. § 1915A for **failure to state a claim** upon which relief may be granted. The facts alleged do no support a *Bivens* claim for damages against any government official. Mr. Gale will have **through April 3, 2023**, to file an amended complaint, which will also be subject to screening. Therefore, the amended complaint must address the deficiencies described above.

The amended complaint must have the proper case number, No. 2:22-cv-00576-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Gale wishes to pursue in this action.

If Mr. Gale fails to file an amended complaint in the time provided, the Court may dismiss this action without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 3/8/2023

                                               *James Patrick Hanlon*
                                               James Patrick Hanlon
                                               United States District Judge
                                               Southern District of Indiana

Distribution:

BRIAN GALE
91098-083
BUTNER - MEDIUM I FCI
BUTNER MEDIUM I FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509